**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

BARBARA O'CONNOR,

                              Plaintiff,                  1:21-cv-00828 (BKS/ATB)

v.

NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES,

                              Defendant.

_____

**Appearances:**

_For Plaintiff:_
James D. Hartt
Attorney at Law
6 N. Main Street, Suite 200-F
Fairport, New York 14450

_For Defendant:_
Letitia James
Attorney General of the State of New York
Ryan W. Hickey
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224-0341

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Barbara O'Connor brings this employment discrimination action against her

employer, Defendant New York State Department of Financial Services ("DFS"). (Dkt. No. 7).

Plaintiff alleges that Defendant subjected her to disability discrimination, a hostile work

environment, and retaliation, in violation of Section 504 of the Rehabilitation Act of 1973, 29

U.S.C. § 701 et seq. (_Id._). Defendant moves to dismiss the Amended Complaint under Federal

Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim. (Dkt. No. 13). Plaintiff opposes Defendant's motion. (Dkt. No. 18). For the reasons that follow, the Court finds Plaintiff has failed to effect proper service but grants Plaintiff a 7-day extension to perfect service on Defendant to avoid dismissal of this action. Accordingly, Defendant's motion under Rule 12(b)(5) is denied and the Court does not reach Defendant's motion under Rule 12(b)(6).

## II.   MOTION TO DISMISS—Fed. R. Civ. P. 12(b)(5)

Defendant seeks dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. (Dkt. No. 13-6, at 8–9). Plaintiff opposes Defendant's motion, contending that she properly effectuated service following the filing of the motion to dismiss. (Dkt. No. 18, at 15–17). Defendant replies that Plaintiff's recent efforts at service were also insufficient. (Dkt. No. 23, at 3–23).

### A.   Standard of Review

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Absent consent, this means there must be authorization for service of summons on the defendant." *Id*. A court "must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)). A plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie

showing that service was proper." *Kwon v. Yun*, No. 05-cv-1142, 2006 WL 416375, at *2, 2006 U.S. Dist. LEXIS 7386, at *6 (S.D.N.Y. Feb. 21, 2006).

### B.    Analysis

Federal Rule of Civil Procedure 4 provides that service of a summons and complaint on a state agency may be effected by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Alternatively, Rule 4 permits service on a state agency by "serving a copy of each in a manner prescribed by that state's law for serving summons or like process on a defendant." Fed. R. Civ. P. 4(j)(2)(B).

Under New York Law, personal service on a state agency:

> shall be made by (1) delivering the summons to . . . the chief executive officer of [the] agency or to a person designated by such chief executive officer to receive service, or (2) mailing the summons by certified mail, return receipt requested, to . . . the chief executive officer of such agency, and by personal service upon the state [by delivering the summons to an assistant attorney general at an office of the attorney general or to the attorney general within the state].

N.Y. C.P.L.R. 307(2).

Plaintiff filed this action on July 19, 2021. (Dkt. No. 1). On August 2, 2021, Plaintiff filed an Affidavit of Service stating that on August 2, 2021, service had been effected on "New York State, Department of Financial Services b/s/u Letitia James, Attorney General," at 207 Genesee St., Room 508, Utica, NY 13502, "[b]y delivering and leaving" the summons and complaint with "C.J. Kalil," an authorized agent who "specifically stated [he] was authorized to accept service on behalf of the . . . Government Agency." (Dkt. No. 4).

On September 30, 2021, after requesting and receiving an extension of time to respond to Plaintiff's Amended Complaint, Defendant filed the present motion to dismiss pursuant to Fed. R. Civ. P. (12)(b)(5). (Dkt. Nos. 8–9, 13). Defendant argued that the August 2, 2021 service was insufficient because in order to satisfy subsection 1 of N.Y. C.P.L.R. 307(2), Plaintiff was

required to personally serve the superintendent of DFS, but instead served an agent of the New York State Office of the Attorney General. (Dkt. No. 13-6, at 8 (explaining that while the New York State Office of the Attorney General has a satellite office at 207 Genesee Street in Utica, "DFS does not have any employees or representatives working at that location")). Had Plaintiff, in conjunction with personal service on the Office of the Attorney General, mailed the papers by certified mail to the superintendent of DFS, she would have satisfied subsection 2 of N.Y. C.P.L.R. 307(2), but she did not; thus, Plaintiff's service on the Office of the Attorney General alone was insufficient.

In response to Defendant's motion to dismiss for insufficient process, Plaintiff filed a letter motion requesting an extension of 30 days leave "to correct and/or complete service of the Summons and Complaint." (Dkt. No. 15, at 1). In her motion, Plaintiff conceded that DFS had not been properly served. (*Id*.). Plaintiff stated that, in an attempt to serve Defendant "in [the] manner prescribed by [New York State] law," a legal assistant made the "excusable mistake" of following the requirements of § 307(1)[1] for serving New York State instead of the requirements under § 307(2) for serving New York State *agencies* such as DFS. (*Id*. at 5). The Court granted Plaintiff's request and directed Plaintiff to "complete proper service of the summons and complaint upon the defendant by 12/10/2021." (Dkt. No. 16).

On November 23, 2021, Plaintiff, attempting to satisfy subsection 2 of N.Y. C.P.L.R. 307(2), filed a second Affidavit of Service, stating that Adrienne Harris, Superintendent of DFS was served "via USPS Express, Certified Mail . . . Return Receipt" on November 10, 2021. (Dkt. No. 17). Plaintiff additionally filed a scanned copy of the USPS return receipt and the "proof of

---

[1] N.Y.C.P.L.R § 307(1) requires "[p]ersonal service upon the state . . . be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state."

delivery" provided by USPS indicating that the "item" had been delivered on November 12, 2021. (Dkt. No. 17-1). The return receipt is stamped "Received" by NYSDFS on November 12, 2021, and the "Adult Signature" and "Certified Mail" boxes under "Service Type" are both checked. (*Id*.). Plaintiff therefore asserts that the November 12, 2021 service by certified mail, together with the earlier August 2, 2021 in-person delivery upon the New York State Office of the Attorney General, satisfies both requirements of subsection 2 of N.Y. C.P.L.R. § 307(2), which requires service by certified mail on the superintendent of the agency and personal service on an Attorney General.

In its reply, Defendant appears to agree that Plaintiff's August 2, 2021 service on the Attorney General satisfies the personal service component of N.Y. C.P.L.R. 307(2)(2), but contends that service is nevertheless incomplete because the November 12 mailing was not, in fact, by certified mail. (Dkt. No. 23, at 3–4). Defendant states that "[o]n November 12, 2021, DFS received Plaintiff's original complaint and AC, via USPS Priority Mail Express, with return receipt 'add-on'—not by 'certified mail, return receipt requested' as mandated by C.P.L.R. § 307(2)." (Dkt. No. 23, at 4). Defendant, citing New York State and Second Circuit caselaw, correctly asserts that a plaintiff's failure to serve a defendant via certified mail when required by statute "will deprive the court of [personal] jurisdiction." (*Id*. at 5); *see Curto v. State of New York Dept. of Pub. Serv.*, 140 A.D.3d 1339, 1340 (N.Y. App. Div. 2016) (concluding plaintiff's attempt to effect service via priority mail was insufficient when the statute requires service via first class mail); *see also Polletta v. McLoughlin*, 201 A.D.3d 723, 724 (N.Y. App. Div. 2022) (finding plaintiff's attempt to effect service pursuant to C.P.L.R 307(2)(2) via Federal Express overnight insufficient when the statute requires service via certified mail, return receipt requested (citing *Garcha v. City Court (City of Beacon)*, 39 A.D.3d 645, 646 (N.Y. App. Div. 2022))).

In support of its position, Defendant submitted an affidavit from Christine Cardi, an Assistant Counsel at DFS. (Dkt. No. 23-3). In her affidavit, Cardi acknowledges receiving a mailing containing, inter alia, the summons, complaint, and amended complaint, but states that these documents arrived "via USPS Priority Mail Express, return receipt requested, but that "[n]one of the documents DFS received . . . were sent by certified mail." (*Id*. ¶ 3). Defendant also submitted a declaration by Assistant Attorney General Keith Starlin, who extensively discusses Priority Mail, the "add-ons" available to Priority Mail, the "add-ons" that are not available, including, as relevant here, an "add-on" for "Certified Mail," and the difference in pricing between a "Return Receipt" "add-on"—$3.05, and a "Certified Mail" "add-on"—"$3.75." (*See generally* Dkt. No. 23-5). Starlin attaches as exhibits, printouts from the USPS website substantiating his discussion. (Dkt. Nos. 23-6 to 23-8). Starlin further notes that the envelope of the "package received by DFS . . has a . . . section" that states "Return Receipt Fee" and a handwritten "3.05." (Dkt. No. 23-5, ¶ 11 (citing Dkt. No. 23-4, at 57)). Indeed, there does not appear to be a "Certified Mail" label affixed to the "Priority Mail" envelope. (Dkt. No. 23-4, at 57).

"An affidavit of service constitutes prima facie evidence of effective service." *Gore v. RBA Grp., Inc*., No. 03–cv–9442, 2009 WL 884565, at *4, 2009 U.S. Dist. LEXIS 130673, at *10 (S.D.N.Y. Mar. 27, 2009) (quoting *Polygram Merchandising, Inc. v. New York Wholesale Co.*, No. 97-cv-6489, 2000 WL 23287, at *2, 2000 U.S. Dist. LEXIS 166, at *4 (S.D.N.Y. Jan.13, 2000)). "If the defendant contests the affidavit, however, it is the plaintiff's burden to demonstrate that service was proper." *Id.* 2009 WL 884565, at *4, 2009 U.S. Dist. LEXIS 130673, at *10.

Here, according to Plaintiff's August 2, 2021 Affidavit of Service and November 23, 2021 Proof of Service, (Dkt. Nos. 4, 17), Plaintiff effected service on DFS in accordance with the statutory requirements of N.Y. C.P.L.R. § 307(2)(2), by personally serving the Attorney General and serving the superintendent of DFS via certified mail. These proofs of service are sufficient to satisfy Plaintiff's prima facie burden. However, because Defendant has contested Plaintiff's November 23 Proof of Service by presenting evidence that service was not by certified mail, it became Plaintiff's burden to produce additional evidence that service was proper. Plaintiff has not come forward with additional evidence or an explanation. Accordingly, the Court concludes Plaintiff has not established valid service under Rule 4 or New York law.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff has not shown good cause. At the same time, the Court notes that because Defendant raised the specific deficiency at issue—failure to serve via certified mail—in its reply papers, Plaintiff has not yet had the opportunity to respond. *See* N.D.N.Y L.R. 7.1(a)(1) ("A surreply is not permitted."). In any event, "a district court may grant an extension in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *see DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("Under Rule 4(m), the Court *must* extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even in the absence of good cause." (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments)). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether

defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015); *see also DeLuca*, 695 F. Supp. 2d at 66 ("In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.").

There is a three-year statute of limitations for Rehabilitation Act claims, *Vega-Ruiz v. Northwell Health*, 992 F.3d 61, 63 (2d Cir. 2021) (explaining that because "[t]he Rehabilitation Act lacks an express statute of limitations," courts apply "the limitations period of a state's personal-injury laws," and "[i]n New York, this period is three years"), and, in its motion to dismiss, Defendant challenges the timeliness of Plaintiff's claims, which concern events that allegedly occurred between 2017 and 2019, (Dkt. No. 13-6, at 31–32). There is, therefore, a concern that Plaintiff could not timely refile her claims. Further, it is undisputed that Defendant has actual notice of the claims in this case and there are no allegations of prejudice due to the delay in service, that it is early in the litigation, and that discovery has not begun. Under these circumstances, and in light of the general preference for disposition of cases on the merits, the Court, in its discretion, concludes that an extension is warranted. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits."). To avoid dismissal of this case, Plaintiff must, within 7 days of the date of this order, effectuate proper service and file a certificate of service. If Plaintiff fails to do so, the Court will dismiss this case.

### III.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss under Rule 12(b)(5) (Dkt. No. 13) is

**DENIED**; and it is further

**ORDERED** that if Plaintiff does not effect service in accordance with the Federal Rules

of Civil Procedure, as discussed herein, within SEVEN (7) DAYS of the date of this Order, and

file an affidavit of service by September 2, 2022, that the Amended Complaint be **DISMISSED**;

and it is further

**ORDERED** that upon Plaintiff's filing of proof of service, the Court will issue a decision

on Defendant's motion to dismiss under Rule 12(b)(6) (Dkt. No. 13)**.**

**IT IS SO ORDERED.**

Dated:  <u>August 22, 2022</u>
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge